IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANDSTAR RANGER, INC.,
a Florida corporation,

                                      Case No:

       Plaintiff,

v.

ICE BLOCKER, LLC,
An Florida limited liability
company,

       Defendant.

_____/

## **COMPLAINT**

Plaintiff LANDSTAR RANGER, INC. by and through its undersigned counsel, hereby submits and files its Complaint against Defendant ICE BLOCKER, LLC, and in support thereof states as follows:

## **INTRODUCTION**

1.    This is a civil action for damages of $74,397.71, exclusive of interest, costs, and attorneys' fees, arising out of a dispute between Plaintiff LANDSTAR RANGER, INC. ("Landstar"), a transportation broker, and Defendant ICE BLOCKER, LLC. ("ICE BLOCKER"), a motor carrier that provides transportation services, for ICE BLOCKER's failure to indemnify Landstar for ICE BLOCKER's undelivered shipment tendered to it, pursuant

1

to the parties' Transportation Brokerage Agreement ("Agreement"), among other wrongs.

## PARTIES, JURISDICTION, VENUE

2.     Landstar is a Florida corporation with its principal place of business located in Jacksonville, Florida.

3.     Landstar is a property broker authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC- 178439) that arranges for the interstate transportation of property by various motor carriers. Landstar also holds federal authority as an authorized motor carrier.

4.     ICE BLOCKER is a Florida Limited Liability Company with its principal place of business in West Palm Beach, Florida.

5.     At all relevant times, ICE BLOCKER was a for hire motor carrier authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC- 1336207) to transport property in interstate commerce.

6.     This Court has original jurisdiction, pursuant to 28 U.S.C § 1337(a), over claims for cargo loss and damage brought under the Carmack Amendment, 49 U.S.C § 14706 where the amount in controversy exceeds $10,000.00, as it does here.

2

**Commented [A1]:** Note it is not currently authorized, but was at the time of the loss.

7.     On or about July 3, 2022, ICE BLOCKER, entered into the Transportation Brokerage Agreement ("Agreement") with Landstar, wherein ICE BLOCKER agreed to transport cargo for customers of Landstar.  The Agreement is attached hereto as **Exhibit A**.

8.     Paragraph 26 of the Agreement provides that:

Each of the parties hereto irrevocably and unconditionally submits itself to the exclusive jurisdiction and venue of the state and federal courts serving Jacksonville, Florida, and any appellate court thereof, in any suit, action or proceeding arising out of or relating to this Agreement and further irrevocably and unconditionally waives any claim or defense that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

9.     Accordingly, ICE BLOCKER consented to the jurisdiction of this Court and to this Court being a proper venue for this action, which arises out of and/or relates to the Agreement.

## <u>GENERAL ALLEGATIONS</u>

10.     JW Aluminum Co. ("the Shipper") contacted Landstar to arrange for transportation of Aluminum ("the Load") from Russellville, Arkansas to a consignee in Laredo, Texas.

11.     Governed by the Agreement, on or about May 17, 2023, Landstar arranged for ICE BLOCKER to transport the Load from Russellville, Arkansas to Laredo, Texas. A copy of the governing bill of lading for the Shipment, No. JWA-163965 ("the Bill of Lading"), is attached hereto as **Exhibit B**.

3

12.     The Load was tendered to ICE BLOCKER in Russellville, Arkansas on or about May 17, 2023, in good condition.

13.     ICE BLOCKER picked up the Load, which was in good condition; however, it failed to deliver the Load to the intended consignee.

14.     Specifically, ICE BLOCKER's tractor had mechanical issues causing its tractor and trailer to be towed to MHC Kenworth in Ardmore, Oklahoma.

15.     Once repairs were completed on the tractor, ICE BLOCKER's trailer was determined to be missing.

16.     Because the location of the Load was and remains unknown, the Load was reported stolen to the Ardmore Police in the abundance of caution. A copy of the Ardmore Police Case Report, Case No. 2023-00013884, is attached hereto as **Exhibit C**.

17.     As such, the Shipper made and submitted a Presentation of Loss and Damage Claim, dated June 7, 2023, to Landstar, representing the total amount of damages suffered by the Shipper as $78,158.29 as a result of ICE BLOCKER's failure to deliver the Load. A true and correct copy of the Presentation of Loss and Damage Claim is attached hereto as **Exhibit D.**

18.     Pursuant to the Services Contract between the Shipper and Landstar, Landstar was liable to the Shipper for the damages stated in the

4

Presentation of Loss and Damage Claim dated June 7, 2023, less freight charges, for a total Claim of $76,117.71.

19.    Accordingly, Landstar issued payment to the Shipper totaling $76,117.71.

20.    In exchange for payment pursuant to the Presentation of Loss and Damage Claim, the Shipper executed an Assignment. Thus, Landstar is the owner and assignee of said claim.  A true and correct copy of the Cargo Liability Release, Indemnity and Assignment Agreement is attached hereto as **Exhibit E.**

21.    Landstar has retained the undersigned attorney to represent it in this matter and has agreed to pay a reasonable fee for such services.

22.    As of the filing of this action, ICE BLOCKER has failed to accept liability for its loss of the Load.

23.    All conditions precedent to this action have occurred, been satisfied, or have been waived.

## <u>COUNT ONE – BREACH OF CONTRACT</u>

24.    Landstar incorporates paragraphs 1 through 23 as if fully set forth herein.

25.    Having duly entered into the Agreement with Landstar, ICE BLOCKER carriage of the Load was subject to the Agreement's terms and conditions.

26.    Paragraphs 8 and 11 of the Agreement make ICE BLOCKER wholly responsible for performing the transportation services contemplated by the Agreement and liable for damages arising from cargo loss, damage or delay in the performance of such services.

27.    ICE BLOCKER breached the Agreement by not successfully delivering the Load in the same condition as it was received, and then refusing to respond to or cooperate with Landstar in the resolution of the claim.

28.    Paragraph 9 of the Agreement makes ICE BLOCKER responsible for defending, indemnifying, and holding Landstar harmless "from and against all loss, liability, judgment, damage, claim, fine, cost or expense, including reasonable attorneys' fees, arising out of or in any way related to" ICE BLOCKER's performance or breach of the Agreement.

29.    ICE BLOCKER further breached the Agreement by failing to indemnify and hold Landstar harmless for the cargo loss, costs, and attorneys' fees Landstar incurred as a result of ICE BLOCKER breach of the Agreement.

30.    As a direct result of ICE BLOCKER failure to deliver the Load in the same condition as it was received to the intended consignee, ICE

6

BLOCKER is liable for Landstar's actual damages in the amount of $74,397.71[1].

31.    Landstar has accrued costs and reasonable attorneys' fees in enforcing the Agreement and in pursuing its losses and contractual indemnification from ICE BLOCKER, which attorney's fees and costs are recoverable under the Agreement.

WHEREFORE, Plaintiff, LANDSTAR RANGER, INC., demands judgment in its favor and against Defendant, ICE BLOCKER, LLC., an award of damages totaling $74,397.71, plus attorneys' fees and costs pursuant to the Agreement, and for any other relief which this Court deems appropriate.

## COUNT TWO - CARMACK AMENDMENT

32.    Landstar incorporates paragraphs 1 through 23 as if fully set forth herein.

33.    Plaintiff brings this cause of action based on the assigned rights it possesses from Shipper. See **Exhibit E**.

34.    As the motor carrier in possession of the Load, ICE BLOCKER is liable to the party entitled to recover for the full actual value of the lost, damaged, or delayed property under 49 U.S.C. §14706 (the "Carmack Amendment").

---

[1] Landstar was able to recover $1,720.00 towards the total Claim.

35.     As the assignee and owner of the Presentation of Loss and Damage Claim, Landstar is the party entitled to recover the full actual value of the lost property under 49 U.S.C. §14706 (the "Carmack Amendment"). See **Exhibit E.**

36.     As a direct and proximate result of ICE BLOCKER's failure to deliver the Load, Landstar has suffered damages in the amount of $74,397.71.

WHEREFORE, Plaintiff, LANDSTAR RANGER, INC., demands judgment in its favor and against Defendant ICE BLOCKER an award of damages totaling $74,397.71, and for any other relief which this Court deems appropriate.

Date: March 8, 2024                     Respectfully submitted,

/s/ Sophia Bernard
   Sophia Bernard, Esq.
   Florida Bar No. 113805
   Lauren Feldman, Esq.
   Florida Bar No. 106075
   TAYLOR NELSON PL
   20 3rd Street SW, Suite 209
   Winter Haven, FL 33880
   (863) 875-6950 (tel)
   (863) 875-6955 (fax)
   sbernard@taylorlawpl.com
   lfeldman@taylorlawpl.com
   efiling@taylorlawpl.com
   lroberts@taylorlawpl.com

   *Counsel for Plaintiff*

8

9